THE VILLAGE OF OAK LAWN *et al.*, Plaintiffs-Appellees, v. ILLINOIS HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellants.

First District (4th Division)   No. 84—1280

Opinion filed May 16, 1985.

Manuel Rosenstein and Lionel I. Brazen, both of Chicago, for appellant Judith Walsh.

Neil F. Hartigan, Attorney General, of Springfield (Paula Giroux, Assistant Attorney General, of Chicago, of counsel), for other appellants.

Patrick Lucansky and Thomas Bayer, both of Klein, Thorpe & Jenkins, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

On September 22, 1978, the plaintiff, Judith Walsh, filed a complaint alleging employment discrimination with the Illinois Fair Employment Practices Commission (Commission), now known as the Human Rights Commission. (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.* (Human Rights Act, hereinafter the Act).) The complaint charged the village of Oak Lawn with handicap discrimination under the Act for the village's refusal to hire Walsh as an Oak Lawn police officer.

The hearing was held before the administrative law judge, who found in favor of Walsh on May 29, 1981. The village filed exceptions to that report with the Commission. On July 16, 1981, while that matter was pending, the village filed a motion for summary dismissal, alleging that there was newly discovered evidence which indicated that Walsh had made misrepresentations on her employment applications regarding her medical history and marital status and that she had perjured herself during the hearing before the administrative law judge. The Commission denied the motion and on December 17, 1981, the Commission affirmed the administrative law judge's decision and ordered the village to employ Walsh and pay her a sum equal to any loss of wages resulting from the discriminatory action, plus attorney fees.

The village filed its first action seeking administrative review in the circuit court of Cook County. (Ill. Rev. Stat. 1983, ch. 68, par. 8—111.) On October 12, 1982, the circuit court reversed the Commission's order and remanded the matter back to the Commission for consideration of the newly discovered evidence. Oral arguments were scheduled, although the record on appeal does not contain the report of proceedings from that hearing. On May 26, 1983, the court entered an order which, while not making a specific finding, presumed that Walsh had made misrepresentations. We will not detail the misrepresentations, because Walsh does not contest the Commission's presumption. The Commission reaffirmed its order concerning discrimination but modified the remedy. Instead of being ordered to employ Walsh and pay her lost wages, the village was only required to pay Walsh for any loss of wages from the date that she was refused em-

ployment until the date when the village learned of Walsh's misrepresentations, that is, June 30, 1981. The order also reaffirmed the award of attorney fees.

The village again filed an action for administrative review challenging the order requiring the village to pay Walsh from the time she was denied employment until the time they found out about her misrepresentations and the order concerning attorney fees. The trial court reversed the Commission and held that the fraud Walsh had committed in connection with her employment applications vitiated all claims she may have against the village under the Act. The court also found that the village was entitled to attorney fees under section 2—611 of the Civil Practice Act (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) in defending the action.

The Commission and Walsh bring this appeal, contending that the later discovery of Walsh's misrepresentations do not constitute a legitimate, nondiscriminatory reason for the village's decision not to hire Walsh, as the village did not have knowledge of these misrepresentations at the time Walsh was refused employment. Walsh further appeals from the award of attorney fees to the village under section 2—611.

■ ■ In considering employment discrimination actions under the Human Rights Act, Illinois courts have utilized the three-step analysis set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817. (*Freeman United Coal Mining Co. v. Fair Employment Practices Com.* (1983), 113 Ill. App. 3d 19, 443 N.E.2d 543; *Board of Education v. Fair Employment Practices Com.* (1979), 79 Ill. App. 3d 446, 398 N.E.2d 619.) First, the plaintiff has the burden of proving by a preponderance of the evidence a *prima facie* case of unlawful discrimination. By establishing a *prima facie* case, the plaintiff creates a rebuttable presumption that the employer unlawfully discriminated against her. (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254, 67 L. Ed. 2d 207, 216, 101 S. Ct. 1089, 1094; see *United States Postal Service Board v. Aikens* (1983), 460 U.S. 711, 714, 75 L. Ed. 2d 403, 409, 103 S. Ct. 1478, 1481.) Second, if the plaintiff succeeds in proving a *prima facie* case, to rebut the presumption raised the employer must clearly set forth, through the introduction of admissible evidence (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 256, 67 L. Ed. 2d 207, 217, 101 S. Ct. 1089, 1094; see *Board of Trustees of Keene State College v. Sweeney* (1978), 439 U.S. 24, 25, 58 L. Ed. 2d 216, 219, 99 S. Ct. 295, 296), a legitimate, nondiscriminatory reason for its employment deci-

sion. (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254, 67 L. Ed. 2d 207, 216, 101 S. Ct. 1089, 1093, citing *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 36 L. Ed. 2d 668, 677-78, 93 S. Ct. 1817, 1824.) Third, if the employer carries this burden of production (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 256, 67 L. Ed. 2d 207, 217, 101 S. Ct. 1089, 1095), the presumption of unlawful discrimination drops from the case (450 U.S. 248, 256 n.10, 67 L. Ed. 2d 207, 216 n.10, 101 S. Ct. 1089, 1095 n.10; see *United States Postal Service Board v. Aikens* (1983), 460 U.S. 711, 715, 75 L. Ed. 2d 403, 410, 103 S. Ct. 1478, 1482), and the plaintiff must prove by a preponderance of the evidence that the legitimate reason offered by the employer was not its true reason, that is, a pretext, which merges with the plaintiff's ultimate burden of proving whether the employer unlawfully discriminated against her. *Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 257, 67 L. Ed. 2d 207, 218, 101 S. Ct. 1089, 1095; see *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 804-05, 36 L. Ed. 2d 668, 678-79, 93 S. Ct. 1817, 1825-26.

■■■ Using this analysis, we find that no violation of the Act occurred here in either one of two ways. First, Walsh has not met her initial burden of proving even a *prima facie* case of discrimination. To establish a *prima facie* case, a plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, and that despite those qualifications, she was rejected under circumstances which would give rise to an inference of unlawful discrimination. (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254 n.6, 67 L. Ed. 2d 207, 215 n.6, 101 S. Ct. 1089, 1094 n.6; see *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 36 L. Ed. 2d 668, 677-78, 93 S. Ct. 1817, 1824.) Walsh has not established at the outset that she was qualified for the job of a police officer. Trustworthiness, reliability, good judgment, and integrity are all material qualifications for any job, particularly one as a police officer. Her lying from the beginning disqualified her from consideration for the position and made her an unfit employee for the Oak Lawn Police Department. (See *Williams v. Boorstin* (D.C. Cir. 1980), 663 F.2d 109.) Consequently, no presumption of unlawful discrimination by the village has been raised by Walsh.

Second, even if Walsh had established a *prima facie* case, under step two of the *McDonnell Douglas* formulation, the village has articulated a legitimate, nondiscriminatory reason for its presumptively unlawful discrimination. (*Ruffin v. Department of Transportation* (1981), 101 Ill. App. 3d 728, 428 N.E.2d 628 (giving false information

to employer is sufficient cause for discharge).) The Commission made a finding that the village had the right to refuse to hire her on the basis of her misrepresentations. The Commission concedes this on appeal, and Walsh does not challenge it here.

■■ After the village articulated this reason for its action, it devolved upon Walsh, who retains the burden of persuasion to show that this reason is pretextual, that is, that the village's proffered explanation was not reasonable or that the village was more likely motivated by a discriminatory reason. (*Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 265, 67 L. Ed. 2d 207, 216-17, 101 S. Ct. 1089, 1095.) There is no suggestion in the record that Walsh attempted to show that the legitimate, nondiscriminatory reason given by the village was in fact pretextual.

The Commission contends, however, that due to the unusual facts presented in the instant case, as the village did not learn of Walsh's misrepresentations until after the discrimination charge was filed, to allow the village to now assert a legitimate, nondiscrimatory reason to relate back to the time of the employment decision would subvert the purpose of the Act, which is to discourage employment discrimination. The Commission asserts that to allow the village to do so would in effect allow employers, when faced with a possible discrimination suit, to search a rejected employee's background in order to evoke some spurious "legitimate" reason for its employment decision. Even though the village had no knowledge of Walsh's misrepresentations at the time they were made, Walsh cannot take advantage of her own misdeeds. Her concealment cannot be used as a shield against the village's use of this reason to rebut the inference of unlawful discrimination. The Commission's concern here is unfounded, as a plaintiff in the third step of the *McDonnell Douglas* framework has the opportunity to demonstrate that the proffered reason given by the employer was not the true reason for the employment decision. Consequently, as Walsh has not proved a *prima facie* case of unlawful discrimination, nor has she rebutted the village's legitimate, nondiscriminatory reason for its refusal to employ her, the judgment of the trial court is affirmed.

■■ Walsh also contends that the trial court erred in granting the village attorney fees pursuant to section 2—611 of the Civil Practice Act. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) However, this issue is not properly before this court on appeal. The trial court found that the village was entitled to attorney fees under section 2—611 and granted the village leave to file a petition for fees. Therefore, the amount of the fees to be awarded is still unresolved. Consequently,

Walsh cannot appeal from that portion of the order allowing the village attorney fees. *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372; *Vournazos v. Vournazos* (1979), 71 Ill. App. 3d 672, 677-78, 390 N.E.2d 19.

■ Finally, we find Walsh's arguments concerning the admissibility of her personal injury complaint in the hearing before the Commission on remand to be waived on appeal, as no objections were presented to the trial court during the second administrative review.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.