NORMAN DePLUZER, Plaintiff-Appellee and Cross-Appellant, v. THE VILLAGE OF WINNETKA, Defendant-Appellant and Cross-Appellee.

First District (5th Division)   No. 1—93—1430

Opinion filed June 30, 1994.—Rehearing denied September 1, 1994.

James A. Clark, Joseph A. Cancila, Jr., and Lisa C. Leib, all of Schiff, Hardin & Waite, of Chicago, for appellant.

Masaru K. Takiguchi, of Wilmette, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

The Village of Winnetka (Village) appeals and Norman DePluzer (DePluzer) cross-appeals from an order of the circuit court which granted the Village's motion for summary judgment in its favor with respect to count I of DePluzer's amended complaint (a breach of employment contract claim), but denied the Village's motion for summary judgment with respect to count II of the amended complaint (a retaliatory discharge claim) and then granted DePluzer's motion for voluntary dismissal of that count. For reasons we shall discuss, we affirm in part and reverse in part.

In May 1983, DePluzer applied for a maintenance position with the Village of Winnetka. DePluzer completed the Village's employment application form, providing his employment history and background. In June 1983 DePluzer was hired as a helper in the Village's utility department. He later was promoted to the position of "fireman," to work in the boiler room of the Village's electrical generating plant.

In August 1986, DePluzer notified his supervisor that he had a note from his physician indicating that he was suffering from progressive hearing loss and should not be exposed to loud noises in his work environment. Based upon this information, DePluzer and his supervisor completed an injury report on August 12, 1986.

In response to the injury report, the Village's plant superintendent, Fred Roberts, sent DePluzer a memorandum instructing him to

protect his hearing by wearing, simultaneously, both types of hearing protection devices supplied to him by the Village, *i.e.*, ear plugs and ear muffs, whenever he was in the power plant during working hours. DePluzer, however, refused to wear the two devices simultaneously, claiming that this caused him discomfort.

On August 18, 1986, upon learning that DePluzer was refusing to wear ear muffs in addition to ear plugs, in disregard of the directive contained in his memo, Roberts suspended DePluzer for one day. After this first suspension DePluzer returned to work, but continued to disobey the directive to wear the two devices simultaneously. Consequently, he was suspended again, this time for three days, and given a memorandum informing him that his continued refusal to comply with the safety directive would result in his dismissal.

On the morning of September 2, 1986, DePluzer filed a workers' compensation claim (form dated August 27, 1986) with the Illinois Industrial Commission. On the afternoon of September 2, 1986, DePluzer was discharged from his employment with the Village. When discharged, DePluzer was given a written termination notice which indicated that his termination was the result of his consistent failure to wear hearing protection equipment as directed.

On September 1, 1987, DePluzer filed a two-count complaint against the Village, alleging that he had been wrongfully and retaliatorily discharged due to the fact that he had voiced complaints regarding working conditions. The complaint was later amended on April 26, 1988. In the amended complaint, count I alleged a breach of the employment contract as set forth in the employees' handbook regarding grievances. Count II, which again alleged retaliatory discharge, now claimed that DePluzer had been discharged as a result of his exercise of his rights under the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*).

After a plethora of filings, amended filings, motions, countermotions and responses and after a mountain of discovery materials was requested, produced, submitted, and objected to, the Village filed a motion for summary judgment and DePluzer filed an emergency motion for voluntary dismissal without prejudice. Hearing was held on both of these motions on February 24, 1993, at which time the trial court entered an order which granted summary judgment in the Village's favor on count I of the amended complaint (breach of employment contract claim), denied summary judgment to the Village on count II of the complaint (retaliatory discharge claim) and granted DePluzer's request for voluntary dismissal as to count II only. Motions to reconsider were filed by both parties and were denied on April 5, 1993. The Village appealed and DePluzer cross-appealed.

Before addressing the merits of the appeal and cross-appeal, we must first address a motion to dismiss for lack of appellate jurisdiction, which DePluzer filed with this court on November 24, 1993. Objections to the motion were filed by the Village, DePluzer filed a motion to reply to the Village's objections and the Village objected to DePluzer's motion to reply to its objections. The Village characterizes the motion to dismiss as "frivolous" and suggests that this court impose sanctions against DePluzer in the form of costs and fees. This court decided to consider the entire matter with the case.

In DePluzer's motion to dismiss the Village's appeal, DePluzer contends that the order appealed from is not a final order. We note, however, that if the order appealed from is not a final order, we would be obliged to dismiss not only the Village's appeal, but DePluzer's cross-appeal, as well, since they both appealed from the same order. Nevertheless, we shall consider the finality of the order appealed from.

It is axiomatic that this court has jurisdiction of only final orders. If the order appealed from does not dispose of the entire controversy as to all the parties or leaves any claims unresolved, then the order is not final, unless the trial court enters a finding that there is "no just reason for delaying enforcement or appeal." (134 Ill. 2d R. 304(a).) This language, set forth in Illinois Supreme Court Rule 304(a), transforms an otherwise nonfinal order into a final and appealable one. Judges in Cook County are notorious for their willingness to enter such a finding. Why the attorneys in this case, who seem so adept at filing motions, neglected to request that such a finding be included in this order, in order to dispel any doubt as to finality of the order, is rather surprising.

In any event, as stated earlier, the finding is unnecessary if the order is final. In the present case the order appealed from granted summary judgment as to count I, denied summary judgment as to count II and granted DePluzer leave to voluntarily dismiss count II without prejudice. DePluzer argues that the Village's appeal of the trial court's decision to deny summary judgment on count II must be dismissed because the denial of a motion for summary judgment is not a final order.

●1 Although DePluzer is correct that the denial of a motion for summary judgment is typically not appealable, the propriety of the denial may be considered if the case is properly before a reviewing court from a final judgment and no trial or hearing has been conducted. (*Regnery v. Regnery* (1991), 211 Ill. App. 3d 607, 613, 570 N.E.2d 557.) In this case the order is final and appealable because, in addition to denying summary judgment, the trial court granted De-

Pluzer's motion to voluntarily dismiss this count, making the order final and appealable.

Our Illinois Supreme Court has determined that it is important that a defendant have the ability to appeal from an order of voluntary dismissal since, otherwise, such an order would never be subject to review. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 512 N.E.2d 1207; *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338; *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) Consequently, the order granting DePluzer a voluntary dismissal as to count II of his complaint is a final and appealable order, which brings before the reviewing court all other orders and rulings directly associated with that judgment, including, in this case, the denial of summary judgment. This court, therefore, has jurisdiction to consider the appeals.

We now turn our attention to the appeal and cross-appeal before this court. The Village contends in its appeal that the trial court erred in denying the Village's motion for summary judgment with respect to count II, the retaliatory discharge claim. The Village presents two arguments in support of its claim that the trial court erred. First, the Village argues that the record clearly shows that DePluzer made false representations on his employment application form which, if known by the Village, would have been grounds for dismissal. The Village then cites a number of cases for the proposition that misrepresentations made on an employment application, even when discovered after the employee has already been terminated, provide a legitimate basis for termination which makes the actual reason for the termination immaterial. (See *Bonger v. American Water Works* (D. Colo. 1992), 789 F. Supp. 1102; *Churchman v. Pinkerton's, Inc.* (D. Kan. 1991), 756 F. Supp. 515; *Village of Oak Lawn v. Illinois Human Rights Comm'n* (1985), 133 Ill. App. 3d 221, 224, 478 N.E.2d 1115.) In other words, whenever an employee has made misrepresentations on his employment application, that employee is subject to being terminated for cause. If the employee is later terminated, the termination will be upheld, even if the termination might otherwise be shown to be improper, discriminatory or pretextual. Because the trial court, in granting summary judgment on count I of the complaint, found that DePluzer made false representations on his employment application, the Village contends that summary judgment should have been granted on the retaliatory discharge claim as well.

In the alternative, the Village argues that summary judgment should have been granted on count II of the complaint because DePluzer failed to show any causal link between his filing of a workers'

compensation claim and his termination. The Village provided affidavits which indicated that the persons who decided to terminate DePluzer's employment were unaware that DePluzer filed, or even intended to file, a workers' compensation claim. Thus, the Village argues, there is no evidence that the termination was motivated by DePluzer's exercise of his rights under the Act. Rather, the Village contends that the evidence supports the finding that the decision to terminate DePluzer was based solely upon DePluzer's refusal to comply with the safety precautions he was ordered to utilize.

DePluzer has filed no response to the Village's appeal. Instead, DePluzer merely presents argument on the issue he raises in his cross-appeal, *i.e.*, whether the trial court erred by granting summary judgment in the Village's favor with respect to count I of the amended complaint, which alleged breach of employment contract. On this issue DePluzer argues only that summary judgment was erroneously granted because the trial court wrongly determined that he had lied on his employment application. He argues that a genuine issue of material fact exists as to whether or not he actually made factual misrepresentations on his employment application.

●2 Having reviewed the case law, it seems clear that material misrepresentations made on an employment application constitute a breach of contract by the employee which justify termination such that any subsequent termination, even if wrongful, improper, discriminatory or done in retaliation of the employee's exercise of his rights, would be upheld. Thus, if the trial court's determination that DePluzer made material misrepresentations on his employment application was proper, *both* the breach of contract and the retaliatory discharge claims must fail and the trial court should have granted summary judgment on both counts. Due to this situation, we find it necessary to review the evidence presented regarding DePluzer's employment application to determine whether we can state, as a matter of law, that material misrepresentations were made in DePluzer's application to the Village.

The employment application completed by DePluzer asked, "Have you ever been convicted as an adult for a criminal violation?" DePluzer responded, "No" and put "N/A" after the follow-up question asking for the nature of the offense and place of occurrence. DePluzer also stated, "None" under the section heading "Conviction Information." The Village now claims that this was a false statement because DePluzer, in his evidence deposition, testified that he had been convicted of shoplifting in 1976.

However, DePluzer also testified during his deposition that he did not include information concerning this conviction on his application

because, although he had been found guilty of taking a $2.99 pair of gloves, he subsequently had the conviction expunged from his record and did not believe that he was required to acknowledge this conviction.

The second alleged falsehood contained in the application deals with his employment history. On the application DePluzer indicated that his last employer was Vulcan Industrial Packaging Ltd. (Vulcan), which is located in Toronto, Canada. The reason he gave for leaving its employ was "resigned and immigrated to the U.S.A." However, when DePluzer was questioned regarding this previous employer at his deposition he indicated that he had been terminated, attended school for several months and then immigrated to the United States. When asked to explain, DePluzer testified that he had difficulties with Vulcan because he had refused to work in certain areas due to the working conditions. He reported Vulcan to the Canadian Department of Labor, which apparently prompted one of Vulcan's supervisors to physically attack DePluzer. DePluzer was subsequently fired. In response, however, DePluzer filed a grievance with the union and the Department of Labor. As a result, he reached a settlement with Vulcan whereby he was allowed to resign, rather than be terminated, and he was compensated for the attack by his supervisor.

It is the Village's contention that the above evidence clearly indicates that DePluzer intentionally made material misrepresentations on his application when he answered questions indicating that he had no convictions and that he had resigned from his last employment position. DePluzer disagrees and contends that, in light of the above evidence, the question of whether he actually listed false information on his application was one of fact for a jury to determine. For this reason alone, he concludes that summary judgment was improperly granted on count I of his complaint (breach of employment contract).

•3 We find that we must agree with DePluzer's argument that his deposition testimony, taken as a whole, raises a question of material fact on the issue of whether he lied on his employment application. One does not invariably reach the conclusion that the answers provided by DePluzer were false. (See *Hugo v. Tomaszewski* (1987), 155 Ill. App. 3d 906, 910, 508 N.E.2d 1139, 1142 (where fair-minded people could draw different inferences from the facts presented, the issue should be submitted to the trier of fact).) Therefore, we do not believe that we can say, as a matter of law, that DePluzer made material misrepresentations on his employment application. Just as the issue of an employer's motive or intent is an issue of ma-

terial fact not subject to summary judgment (*Jones v. Burkart Foam, Inc.* (1992), 231 Ill. App. 3d 500, 596 N.E.2d 882), so, too, is the question of whether DePluzer made material misrepresentations on the application under the circumstances presented here. While it is undoubtedly true that an employer would be interested in knowing the employment information that DePluzer testified to, DePluzer may have been entitled to withhold such information under the circumstances, so that his statements on his employment application may not have constituted falsehoods. Consequently, we believe that the trial court erred in deciding that DePluzer lied on his employment application.

Nevertheless, even though we agree with DePluzer on his one argument, we uphold the trial court's grant of summary judgment on count I, the breach of employment contract claim, on other grounds. We do so on the basis that DePluzer failed to show that the Village's employee handbook created enforceable contractual rights which took him outside the realm of an at-will employee who could be terminated without any cause or reason.

In the trial court DePluzer contended that the Village's handbook created an employment contract pursuant to *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314. The language in the handbook, quoted by DePluzer and relied upon to show a contract for permanent employment, terminable only for cause, is as follows:

> "*YOU* make your job security. The Village of Winnetka assures you of your position with the Village so long as you perform the requirements of your position satisfactorily. You may, however, be removed from your position for justifiable reasons." (Emphasis in original.)

However, DePluzer did not show that the handbook set forth any specific disciplinary procedures that the Village was required to follow before dismissal could be had. Therefore, in accordance with the reasoning of *Tolbert v. St. Francis Extended Care Center* (1989), 189 Ill. App. 3d 503, 545 N.E.2d 384, and *Bjorn v. Associated Regional & University Pathologists, Inc.* (1990), 208 Ill. App. 3d 505, 567 N.E.2d 417, there was insufficient evidence to show that the Village's handbook created an enforceable contract sufficient to overcome the presumption that the employment relationship was terminable at will. For this reason, DePluzer failed to make out a claim for breach of employment contract and summary judgment was properly granted on count I of the complaint.

We now turn our attention to the Village's appeal with regard to count II. On this matter, we believe that the trial court erred in

denying summary judgment in the Village's favor on the retaliatory discharge claim.

DePluzer claimed in count II of his amended complaint that he was terminated by the Village in retaliation for the exercise of his rights under the Workers' Compensation Act. In order to establish a claim of retaliatory discharge of this sort, a plaintiff must show that he was an employee before he received injury, that he exercised his rights in accordance with the Act, that he was discharged and that the discharge was causally related to the exercise of his rights. (*Miller v. J.M. Jones Co.* (1992), 225 Ill. App. 3d 799, 803, 587 N.E.2d 654.) In this case DePluzer failed to show any link between his termination and his workers' compensation claim.

•4 First of all, prior to his filing of the workers' compensation claim, DePluzer was suspended twice for failure to abide by the safety regulations imposed by management. Furthermore, DePluzer was informed that his continued failure to comply with the safety measures would result in his termination. Lastly, DePluzer filed his compensation claim on the same day that he was terminated and his supervisors filed affidavits which indicated that they were unaware that a claim had been filed when they terminated DePluzer. Consequently, we find no evidence that the valid and lawful reason given for DePluzer's termination was merely a pretext to obscure the fact that DePluzer was discharged in retaliation for filing a compensation claim. As stated in *Miller v. J.M. Jones Co.* (225 Ill. App. 3d at 808), the issue in these cases is not whether the employer treated the employee fairly, but whether the discharge was in retaliation for filing a workers' compensation claim. We believe, therefore, that summary judgment in favor of the Village should have been granted on count II of DePluzer's complaint and that the trial court erred when it denied the Village's motion for summary judgment and granted DePluzer's motion for voluntary dismissal.

For the reasons stated above, we affirm that portion of the trial court's order which granted summary judgment in favor of the Village on count I. We reverse that portion of the order which denied the Village's motion for summary judgment on count II and granted DePluzer's motion for voluntary dismissal, and we remand to the trial court so that summary judgment may be entered in the Village's favor on count II.

Affirmed in part, reversed in part, and remanded.

GORDON and COUSINS, JJ., concur.