**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250260-U

Order filed January 28, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| IPROMO, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-25-0260 |
| | ) | Circuit No. 22-LA-214 |
| JOHN MOLAK, WILLIAM BAKER, and | ) | |
| UNITED HEALTH SOLUTIONS, LLC, | ) | Honorable |
| | ) | Maureen R. Riordan, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court's order closing discovery in any future refiled case following plaintiff's voluntary dismissal of this case is void.

¶ 2     Plaintiff, iPromo, LLC, appeals from the Du Page County circuit court's order prohibiting discovery in any future refiled case brought against defendants, John Molak, William Baker, and United Health Solutions, LLC, following plaintiff's voluntary dismissal of this case. For the following reasons, we vacate the order.

¶ 3                                    I. BACKGROUND

¶ 4          On February 8, 2023, plaintiff filed a multi-count amended complaint in which it sought to recover damages for defendants' alleged breach of an oral agreement that had required defendants to ship COVID-19 antigen test kits by a specified date. The amended complaint asserted claims of breach of contract, fraud, conversion, unjust enrichment, intentional misrepresentation, and civil conspiracy.

¶ 5          On July 15, 2024, following the close of discovery, the court scheduled the matter for bench trial on September 9, 2024. On August 2, 2024, plaintiff's counsel filed a motion to withdraw. The court subsequently granted the motion, rescheduled the bench trial for October 28, 2024, and ordered plaintiff to file its appearance by August 29, 2024, which plaintiff did not do.

¶ 6          On October 3, 2024, plaintiff's substitute counsel filed an appearance and later also filed an emergency motion for an extension of time to deliver plaintiff's documents for the bench trial (emergency motion). Plaintiff withdrew the emergency motion prior to any ruling upon it, and the court entered an order in which it rescheduled the bench trial once more, for a new date of March 3, 2025, as well as ordered the parties to exchange their trial documents by February 21, 2025.

¶ 7          On February 20, 2025, plaintiff filed a motion for voluntary dismissal of the amended complaint pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2022)). In an order that granted the motion for voluntary dismissal, the court stated that the matter was closed and that, "pursuant to [Illinois Supreme Court Rule] 219(e), discovery [would] remain closed in any future refiling." Plaintiff subsequently filed a motion to reconsider the ruling regarding future discovery (motion for reconsideration). During hearing on the motion, the court articulated the following:

"[A]ccording to 219(e), a party shall not be permitted to avoid compliance with discovery deadlines, orders, or applicable rules by voluntarily dismissing a lawsuit.

I'm not trying to make any sort of comment that there's been any sort of inappropriate action, or that sanctions are necessary, or anything along those lines. However, I've got an order closing discovery in this litigation. I can—while you're entitled to your nonsuit, you're not entitled to a nonsuit in order to avoid that discovery closure and reopen everything. So that is why I indicated that 219(e) applies.

My understanding is, upon refiling, this case is coming right back here. So the case will be in front of me. And so, respectfully, *** the 219(e) language is going to stand."

Following the hearing, the court denied plaintiff's motion for reconsideration.

¶ 8                                    II. ANALYSIS

¶ 9          On appeal, plaintiff argues that the circuit court lacked the authority to order discovery to remain closed in any future refiled case following the voluntary dismissal of this case. According to plaintiff, it was instead within the authority of the court that would preside over the future refiled case to decide whether discovery should remain closed pursuant to Illinois Supreme Court Rule (Rule) 219(e) (eff. July 1, 2002). Plaintiff argues that, accordingly, the circuit court's order in this case closing future discovery should be deemed void.

¶ 10         At oral argument, defendants argued, as an initial matter, that this court lacks subject matter jurisdiction over this appeal because the circuit court never entered a final and appealable order. Defendants also argue on appeal that the circuit court's order closing future discovery was proper.

¶ 11         We start by considering our jurisdiction over this appeal. "The jurisdiction of the appellate court is limited to the review of appeals from final judgments, subject to statutory or supreme court exceptions." *In re Estate of Devey*, 239 Ill. App. 3d 630, 632 (1993). "A judgment is final for

3

appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining to be done by the trial court is to proceed with execution on the judgment." *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 538 (1999).

¶ 12        Defendants cite to *Smith v. P.A.C.E.*, 323 Ill. App. 3d 1067 (2001), for the propositions that orders granting a plaintiff's motion to voluntarily dismiss an action without prejudice are not final or appealable by the plaintiff. In *P.A.C.E.*, this court stated the following:

> "An order granting a plaintiff's motion to voluntarily dismiss an action without prejudice is 'final and appealable by the defendant,' whose rights may be prejudiced by it, but not by the plaintiff, who requested its entry and is protected from prejudice by the right to refile the action within one year." *Kahle v. John Deer Co.*, 104 Ill. 2d 302, 306-07 (1984). The only exception to the rule that a plaintiff cannot appeal from a voluntary dismissal is the plaintiff's right to appeal from that part of the order taxing costs, an exception which does not apply here. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 161 (1982)." *P.A.C.E.*, 323 Ill. App. 3d at 1073.

¶ 13        We find defendants' reliance on *P.A.C.E.* to be unpersuasive. To start, the court in *P.A.C.E.* never stated that orders granting a plaintiff's motion to voluntarily dismiss without prejudice are categorically not final in nature. See generally *id*. The court in *P.A.C.E.* did make a single reference to the "non-final character" of the voluntary dismissal order "*from the standpoint of the plaintiff*" before it. (Emphasis added.) *Id*. at 1074. However, we are aware of no other governing authority that has distinguished between a voluntary dismissal order being final as to one party versus another and the court in *P.A.C.E.* did not itself cite to a source to support its drawing of this distinction. See *id*. Moreover, the court in *P.A.C.E.* found that the voluntary dismissal order in the

4

appeal before it was not final for the specific reason that the plaintiff there had already refiled the action, which has not occurred here. See *id*. at 1073-74.

¶ 14        The bulk of our governing case law states that orders granting a plaintiff's motion for voluntary dismissal without prejudice are final in nature but not ordinarily appealable by the plaintiff, without explicitly drawing a distinction between orders that are final as to the plaintiff versus the defendant. See, *e.g.*, *Resurgence Financial, LLC v. Kelly*, 376 Ill. App. 3d 60, 62 (2007) ("An order granting a plaintiff's motion for a voluntary dismissal is final and appealable by the defendants." (Internal quotation omitted.)); *Valdovinos*, 307 Ill. App. 3d at 535 ("An order granting a plaintiff's motion for a voluntary dismissal is final and appealable by the defendants [citation], and also by the plaintiff to the extent that it assesses costs against her [citation]. (Internal citation omitted.)); *Kahle*, 104 Ill. 2d at 307 ("[W]e hold that this [voluntary dismissal] order is final and appealable by the defendants."). In line with this case law, we do not feel compelled to draw such a distinction here and instead find that the circuit court's order voluntarily dismissing this case without prejudice was final, independent of whether this specific order is now also appealable by plaintiff.

¶ 15        Relevant to the issue of appealability, we further find the *P.A.C.E.* decision to be unhelpful, partly because we disagree with the *P.A.C.E.* court's understanding of the *Galowich* decision, which the court cited as stating that a plaintiff may appeal from the part of a voluntary dismissal order taxing costs assessed against the plaintiff, as "[t]he only exception to the rule that a plaintiff cannot appeal from a voluntary dismissal" order. *Id*. Based on our own independent reading of the *Galowich* decision, we understand the supreme court there to have instead found that it did not need to decide whether the defendants could appeal from the circuit court's order voluntarily dismissing the plaintiff's case because the defendants' appeal was solely from the circuit court's

5

related order that taxed the costs assessed against the plaintiff. *Galowich*, 92 Ill. 2d at 159-61. The supreme court explained that "[a] judgment for costs is a money judgment enforceable by execution [citation], and is clearly appealable." *Id*. at 161 (internal citation omitted). This portion of the *Galowich* decision demonstrates that the supreme court determined that the matter there was appealable to this court based not on any exceptions to rules related to appeals from voluntary dismissals, but rather on the fact that the appeal at hand was from a money judgment that was itself "clearly appealable" and related to the voluntary dismissal order. See *id*. at 159-61.

¶ 16    Similar to the defendants in *Galowich*, who were not appealing the circuit court's voluntary dismissal order but rather the court's related order taxing the costs assessed against the plaintiff, plaintiff in this case is not appealing the circuit court's entry of voluntary dismissal but rather the court's related order closing discovery in any future refiled case. Relevant to this present posture, we are guided by our decision in *DePluzer v. Village of Winnetka*, 265 Ill. App. 3d 1061 (1994), in which we found that, although a denial of a motion for summary judgment was typically not appealable, the propriety of the denial could be reviewed on direct appeal if the case was "properly before a reviewing court from a final judgment and no trial or hearing had been conducted." *DePluzer*, 265 Ill. App. 3d at 1064. We thus concluded that the denial of summary judgment at issue was final and appealable because, "in addition to denying summary judgment," the circuit court had granted the motion to voluntarily dismiss the same count upon which summary judgment had been denied. *Id*. at 1064-65.

¶ 17    We are further guided by the supreme court's decision in *Kahle*. There, the supreme court explained why an order granting a plaintiff's motion to voluntarily dismiss an action without prejudice is typically appealable by the defendant but not by the plaintiff. *Kahle*, 104 Ill. 2d at 305-06. Specifically, the supreme court articulated the following:

6

"[An order voluntarily dismissing a plaintiff's case without prejudice] cannot be appealed by the plaintiff since he requested the order *** and is protected by the statute of limitations which gives him the absolute right to refile the case within one year of a voluntary dismissal without prejudice [citation]. [Citations.] As to the defendants, however, the situation is different. The defendants' rights may have been prejudiced by the plaintiff's voluntary dismissal, but the defendants have no recourse unless they can appeal. If there is no review of the case, no court will be able to determine whether the trial judge correctly decided that trial or hearing had not begun and therefore correctly entered an order dismissing the case without prejudice. Although the plaintiff has refiled his case ***, the new case is a separate cause of action. The new circuit judge has no jurisdiction to review the propriety of the dismissal of the earlier case by another circuit judge. [Citations.] That is properly a matter for a reviewing court. [Citations.]" *Id*. at 306.

¶ 18　　As we earlier pointed out, plaintiff in this case is not challenging the circuit court's actual entry of voluntary dismissal of this case without prejudice, which plaintiff did indeed request. Rather, plaintiff is specifically challenging the court's related order closing discovery in any future refiled case, which plaintiff never requested. Thus, it cannot be said that, by bringing this appeal, plaintiff is contesting a result that it actively sought and secured. Additionally, the appeal is permissibly from an order that is separate from, but nevertheless related to, the circuit court's order granting plaintiff's voluntary dismissal without prejudice, which is itself a final order, for the reasons that we earlier articulated.

¶ 19　　As another of our considerations, we note that, in the event that the circuit court's order in this case closing discovery in any future refiled case is indeed erroneous, then plaintiff would be prejudiced in the refiled case in a way that is twofold. First, the court presiding over the refiled

7

case would be required under Rule 219(e) to consider the erroneous order in deciding the amount of discovery to be permitted in the refiled case. See Ill. S. Ct. R. 219(e) (eff. July 1, 2002) ("In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of the same), any misconduct, and orders entered in prior litigation involving a party."). Second, even if the court presiding over the refiled case were to recognize that the order prohibiting discovery in the refiled case was erroneous, it would lack the authority to remediate the order. See *Dubina v. Mesirow Realty Development Group*, 178 Ill. 2d 496, 504 (1997) (explaining that a refiled action following a voluntary dismissal is "an entirely new and separate action, not a reinstatement of the old action," and that, because the original and refiled actions are "completely distinct," the circuit court in the case before it lost jurisdiction over the original action after it was terminated). Additionally, if the court presiding over the refiled action were to happen to issue an order allowing discovery, then two conflicting orders would thereafter exist on the issue of whether plaintiff was allowed to conduct discovery in the refiled case.

¶ 20        The final, and perhaps most compelling, reason for our decision on the issue of jurisdiction stems from the *P.A.C.E.* decision, to which we again turn. There, the court rejected the plaintiff's argument that it had jurisdiction to review sanction orders imposed pursuant to Rule 219(e) in the original action because the orders "entered in the original action constitute[d] a procedural step leading to the imposition of sanctions in the refiled action, which sanctions, in turn, led to the entry of summary judgment ***." *P.A.C.E.*, 323 Ill. App. 3d at 1074. In rejecting the plaintiff's argument, the court explained the following:

"Since the plaintiff's refiled action is 'a separate cause of action' [citation], none of the orders entered in his original action can constitute a procedural step in the progression

8

leading to the summary judgment entered \*\*\* in the refiled action. Supreme Court Rule 219(e) [citation] does mandate that when the trial court rules upon permissible discovery and testimony in a refiled action it 'shall consider' a party's misconduct in the original action and any orders entered therein. The rule does not, however, require the court to reimpose the sanctions that were entered against the party in the earlier case. Rather, the misconduct of a party in the original action and any sanctions entered against him therein are merely facts to be considered by the court in the refiled action when it determines what witnesses and evidence will be permitted. Accordingly, the sanction orders entered in the plaintiff's original action do not constitute a procedural step leading to the entry of summary judgment \*\*\* in the refiled action and, thus, are not reviewable." *Id.*

The court's explanation in *P.A.C.E.* makes clear that, if plaintiff in this case were to refile this action, then this court would lack jurisdiction to decide whether the circuit court's order regarding future discovery, which is currently being appealed, was proper. Consequently, if we were to decline to exercise jurisdiction over this appeal, then the propriety of the circuit court's order would likely never be subject to review.

¶ 21    For the aforementioned reasons, we find that the circuit court's order closing discovery in any future refiled case is now appealable by plaintiff. Thus, we conclude that we have subject matter jurisdiction over this appeal.

¶ 22    On the merits, an order is void when a court lacks the inherent power to enter the order or enters the order in excess of its authority. *Jones v. Chicago Cycle Center*, 391 Ill. App. 3d 101, 107 (2009). "A void order is a complete nullity from its inception and has no legal effect." *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 103. Additionally, "a void order \*\*\* can

9

be attacked at any time or in any court, in either a direct or collateral proceeding." *JoJan Corp. v. Brent*, 307 Ill. App. 3d 496, 502 (1999).

¶ 23　　　　　Relevant to our determination of whether the court in this case had the requisite authority to order discovery to remain closed in any future refiled case, Rule 219(e) provides the following:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of the same), any misconduct, and orders entered in prior litigation involving a party." Ill. S. Ct. R. 219(e) (eff. July 1, 2002).

The committee comments to Rule 219(e) also state that the rule "clearly dictate[s] that when a case is refiled, the court shall consider the prior litigation in determining what discovery will be permitted ***." Ill. S. Ct. R. 219(e), Committee Comments (rev. June 1, 1995).

¶ 24　　　　　Illinois reviewing courts have repeatedly affirmed that Rule 219(e) operates after a case is refiled by requiring the court presiding over the refiled action to consider discovery in the previous litigation so as to prevent parties from using voluntary dismissals to evade discovery requirements. See, *e.g.*, *Jones*, 391 Ill. App. 3d at 109 ("Rule 219(e) is intended to prevent voluntary dismissals from being used as an artifice for evading discovery requirements by[,] *** upon refiling, requiring the court hearing the refiled action to consider the previous litigation and any discovery determinations the court made during that litigation." (Internal citation omitted.)); *Morrison v. Wagner*, 191 Ill. 2d 162, 167 (2000) ("Rule 219(e) discourages the abuse of voluntary dismissals by attaching additional adverse consequences later, when the party who obtained the dismissal seeks to refile. When a case is refiled, the rule requires the court to consider the prior litigation in determining what discovery will be permitted ***.").

10

¶ 25    The committee comments to Rule 219(e) and available case law both make it clear that the court in this case lacked the authority to order discovery to remain closed in any future refiled case and that such authority would instead be vested in the court that ultimately presides over the refiled case, if this case is, in fact, refiled in the future. Therefore, regardless of whether plaintiff had indeed failed to fully comply with the discovery requirements in this case or engaged in any dilatory tactics ahead of the scheduled bench trial, it was not for the circuit court in this case to sanction plaintiff for such conduct pursuant to Rule 219(e). Consequently, we find the court's order closing discovery in any refiled case to be void.

¶ 26                                    III. CONCLUSION

¶ 27    The Du Page County circuit court's February 26, 2025, order closing discovery in any future refiled case is vacated.

¶ 28    Vacated.