(No. 59813.—

ELIZABETH DILLIE, Appellee, v. KELLY LEE
BISBY *et al.*, Appellants.

*Opinion filed May 24, 1985.*

Max D. Cartwright, of Bozeman, Neighbour, Patton
& Noe, of Moline, for appellants Kelly Lee Bisby and
William A. Bisby.

Peter H. Lousberg, of Lousberg, McClean, Snyder &
Schwarz, of Rock Island, for appellants Harry C. Plow-
man and Acme Fuel & Material Co.

Robert T. Park, of Katz, McAndrews, Durkee, Balch
& Lefstein, P.C., of Rock Island, for appellants Deanne
J. Verschoore and Scott Verschoore.

Peter D. Kasdin, Philip J. Nathanson and Shepardt
Gould, of Kasdin & Nathanson, of Chicago, and Frank
G. Schubert, of Rock Island, for appellee.

JUSTICE WARD delivered the opinion of the court:

On January 12, 1983, the circuit court of Rock Island County granted plaintiff Elizabeth Dillie's motion for a voluntary dismissal of a personal injury suit she had brought against defendants Kelly and William Bisby, Diane and Scott Vershoore, Harry Plowman, and Acme Fuel & Material Company. The court also denied motions of the defendants to dismiss the cause with prejudice under Supreme Court Rule 103(b) for lack of diligence by the plaintiff in the service of process. The appellate court dismissed the defendants' appeal for want of an appealable judgment, and we granted their petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315).

The plaintiff, Elizabeth Dillie, was injured in a multi-car accident involving the defendants in Milan, Illinois, on October 5, 1979. She was 17 years old at the time, and became 18 on January 30, 1980. On October 1, 1981, she filed a negligence complaint against the defendants in the circuit court of Rock Island County for personal injuries. There is a two-year statute of limitations for bringing personal injury actions, and more than 10 months after the statute had run, on November 17, 1982, the plaintiff had original summons for service of process issued. Two days later, the Bisbys and Vershoores were served. It is not clear when the remaining defendants were served, but they entered appearances on December 30, 1982.

Between December 16 and December 30, 1982, all the defendants filed motions to dismiss with prejudice under Supreme Court Rule 103(b), claiming that the plaintiff had not exercised diligence in obtaining service after the expiration of the statute of limitation. Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any

unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (87 Ill. 2d R. 103(b).)

The motions were accompanied by affidavits stating that the defendants had not changed their addresses and were amenable to service of process from the time the suit was filed. The Bisbys' motion to dismiss was set for hearing January 20, 1983; the motions of the remaining defendants were set for January 13, 1983.

On January 11, 1983, the plaintiff filed a motion for voluntary dismissal of her suit under section 2—1009 of the Code of Civil Procedure, which provides:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent.

(b) Counterclaimants and third-party plaintiffs may dismiss upon the same terms and conditions as plaintiffs." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.)

The court set the motion for hearing on January 12, 1983. The defendants filed objections to the motion for voluntary dismissal, and moved to stay hearing on the voluntary-dismissal motion until their Rule 103(b) motion had been ruled on. All parties appeared before the court on January 12, and it was agreed to have the voluntary-dismissal and Rule 103(b) motions simultaneously consid-

ered. After hearing argument on whether the merits of the Rule 103(b) motion had to be decided before the plaintiff's motion for voluntary dismissal would be considered, the court granted the voluntary-dismissal motion. The court then denied the defendants' Rule 103(b) motions without considering them on the merits. After an order of voluntary dismissal was entered, the plaintiff refiled her complaint under section 13—217 of the Code of Civil Procedure, the pertinent part of which provides:

> "In the actions *** where the time for commencing an action is limited *** [if] the action is voluntarily dismissed by the plaintiff or *** dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is *** voluntarily dismissed by the plaintiff ***." (Ill. Rev. Stat. 1981, ch. 110, par. 13—217.)

On the defendants' appeal from the voluntary dismissal, the appellate court held that the trial court's order was not appealable, and it dismissed the appeal. (The second suit has been stayed pending the disposition of this appeal.)

The question here is whether the trial court's order was appealable. The plaintiff maintains that the trial court's order was not appealable because she had the right under section 13—217 of the Code to refile her suit within one year after the voluntary dismissal, and thus she says her second suit should proceed.

We addressed the question of whether a voluntary dismissal of an action by the plaintiff was appealable in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 304-07. We held there that an order of voluntary dismissal could be appealed by the defendant. Earlier this court had held that an involuntary dismissal for want of prosecution

was not appealable. (See *Flores v. Dugan* (1982), 91 Ill. 2d 108; *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110.) The reasoning was that, while an involuntary dismissal is a sanction against the plaintiff, a plaintiff can readily remedy any prejudice he may sustain from the dismissal. This is because a plaintiff has an absolute right to refile his case within one year under section 13—217 of the Code. We observed in *Kahle* that "even if the trial judge abused his discretion in dismissing the case, the plaintiff, if he refiled, ultimately [is] not prejudiced." 104 Ill. 2d 302, 305.

It is thus not necessary that a plaintiff have the ability to appeal from an involuntary dismissal. It is, however, important that a defendant have the ability to appeal from an order of voluntary dismissal. Section 2—1009 provides that a plaintiff may voluntarily dismiss his case without prejudice "at any time before trial or hearing begins." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.) If trial or hearing has begun, however, the plaintiff can dismiss only "on terms fixed by the court" (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009), and a term fixed by the court could be dismissal with prejudice. As we observed in *Kahle*: "The defendant's rights may have been prejudiced by the plaintiff's voluntary dismissal, but the defendants have no recourse unless they can appeal. If there is no review of the case, no court will be able to determine whether the trial judge correctly decided that trial or hearing had not begun and therefore correctly entered an order dismissing the case without prejudice." (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 306.) We observed that the trial judge in the new suit has no jurisdiction to review the propriety of the dismissal of the earlier case.

Because the appellate court's disposition of the appeal was on the ground of jurisdiction, it did not reach the question of the propriety of the voluntary dismissal. The

cause will be remanded to that court for consideration of that question and other issues appearing. For the reasons given, the judgment of the appellate court is vacated and the cause is remanded for proceedings not inconsistent with this opinion.

*Vacated and remanded.*