KEVIN WAYNE MORGAN, SR., Plaintiff-Appellee, v. WANDA RICHARDSON, Defendant and Counterplaintiff-Appellant (Christina L. Morgan, Plaintiff and Counterdefendant-Appellee).

Fifth District   No. 5—01—0199

Opinion filed October 23, 2003.

734

Robert K. Kerr and Jon Shelton, both of John M. Heyl & Associates, of Belleville, for appellant.

Michael J. Bedesky, of Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., of Edwardsville, for appellee Christina L. Morgan.

W. Michael Gnavi, of Gnavi Law Office, P.C., of Collinsville, for appellee Kevin Wayne Morgan, Sr.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Wanda Richardson, appeals from jury verdicts after a jury trial on damages only in the personal-injury action filed by the plaintiffs, Kevin and Christina Morgan. The cause of action arose as a result of an automobile accident on Route 159 in Collinsville, Illinois, on the evening of January 7, 1998. The plaintiffs were traveling south on Route 159, with Christina driving the car and Kevin riding in the front passenger seat. Route 159, at the point of the accident, was a three-lane highway, with a northbound lane, a southbound lane, and a middle, turn lane. As the plaintiffs neared the parking lot of the Shop 'N Save on Route 159, Christina saw the defendant's car stopped at the exit, apparently in readiness to exit the parking lot and turn onto Route 159. Christina stated that she was not driving fast because it was drizzling and the pavement was wet that evening. As Christina drove past the defendant's vehicle, which Christina said was stopped "inches" from Route 159, "out of the corner of [her] eye" she saw the defendant pull out of the exit. The defendant collided with the rear passenger side of Christina's car, forcing Christina's car out of the lane in which she had been driving.

After the accident, Christina and one of her two sons, who had been in the backseat of her car, went to the emergency room at Anderson Hospital. At the hospital, Christina was treated for a knee injury and was released. Kevin did not go to the hospital at that time. However, the following day, Kevin woke up with pain in his lower back and with problems ambulating and urinating. Kevin went to the emergency room at Anderson Hospital at that time. Kevin was subsequently treated by other medical providers, including Dr. Riaz Naseer, a neurologist, for his lower back pain. The plaintiffs filed their complaint for personal injuries against the defendant on April 22, 1998.

The defendant answered the plaintiffs' complaint on August 3, 1998, and included a counterclaim against Christina for contribution. The defendant also raised the affirmative defense of contributory negligence. In both the counterclaim and the affirmative defense, the defendant claimed that Christina had failed to decrease the speed of her vehicle and to take evasive action to avoid the collision, had driven

her vehicle at a speed greater than was reasonable for traffic conditions and the use of the roadway, had failed to keep her vehicle under control, and had failed to keep a proper lookout for other vehicles on the roadway.

On August 7, 1998, the defendant served the plaintiffs with written interrogatories. In the interrogatories, the defendant asked that the plaintiffs supply, pursuant to Supreme Court Rule 213(g) (177 Ill. 2d R. 213(g)), the name and address of each opinion witness the plaintiffs would be calling to testify, the subject matter of the opinion witness's testimony, and the opinion witness's conclusions and opinions and the basis therefor, including the opinion witness's reports, the opinion witness's qualifications, and the "identity of any written reports of the opinion witness regarding this occurrence." In response to this specific interrogatory, the plaintiffs stated, "Unknown at present other than treating medical personnel."

A letter sent from the plaintiffs' attorney to the defendant's attorney on April 23, 1999, reflected Kevin's medical bills incurred until that time; however, the plaintiffs' counsel stated that Kevin was still undergoing treatment. Counsel's letter included a reference to a bill from Dr. Naseer. In Kevin's discovery deposition, taken on June 11, 1999, Kevin testified that he was still treating with Dr. Naseer. On June 23, 1999, the defendant filed a subpoena *duces tecum* in which the defendant sought all of Kevin's medical records from Dr. Naseer. The defendant admitted that she received all of Dr. Naseer's records in July 1999.

On November 24, 1999, the plaintiffs' attorney sent another letter to defense counsel. The letter listed more bills relating to Kevin's treatment by Dr. Naseer. Dr. Naseer's evidence deposition was taken on August 30, 2000. In the evidence deposition, the defendant made objections to several opinions given by Dr. Naseer. The defendant claimed that the opinions had not been disclosed pursuant to Rule 213(g). The defendant moved *in limine* on the second day of the trial, December 12, 2000, for the exclusion of Dr. Naseer's opinion testimony as presented in his evidence deposition. In her motion, the defendant alleged a Supreme Court Rule 213(g) violation. The motion was presented to the trial court three months after the disclosure of Dr. Naseer's opinions in his evidence deposition. The evidence deposition of the defendant's opinion witness, Dr. Kenneth Rybicki, had been taken on October 3, 2000, after Dr. Naseer's deposition and more than two months prior to the trial.

On February 22, 2000, Christina moved for a summary judgment on liability on both her complaint and the defendant's counterclaim. The trial court granted Christina's motion for a summary judgment

and ruled that the plaintiffs' claims would go to the jury on the issue of damages only.

At the jury trial on damages, Christina and Kevin testified. Dr. Naseer's evidence deposition and Dr. Rybicki's evidence deposition were read to the jury. Dr. Naseer's testimony established that Kevin's injuries from the January 1998 accident were a lumbosacral strain and a bulging disc. Dr. Rybicki's testimony established that Kevin's injury from the January 1998 accident was the lumbosacral strain only. Dr. Rybicki refused to connect Kevin's bulging disc to the accident because Kevin had no magnetic resonance imaging test (MRI) done prior to the accident to compare to the postaccident MRI. On this basis, Dr. Rybicki said that he could neither prove nor disprove whether Kevin's bulging disc was a preexisting condition or whether it was an injury resulting from the accident.

Following the trial, the jury returned a verdict for Kevin and awarded him $67,000 in damages. The jury also returned a verdict in favor of Christina and awarded her $5,000 in damages: $3,000 for the injury to her knee and $2,000 for property damage to her car. The defendant appeals.

## ANALYSIS

The defendant first contends that the trial court abused its discretion in allowing Dr. Naseer to testify at the trial to opinions not previously disclosed pursuant to Rule 213(g). The defendant claims that Dr. Naseer's testimony regarding the causal relationship of Kevin's injuries to the accident, the need for certain medical tests for Kevin that were attributed to his injuries from the accident, the effect of Kevin's injuries on his physical activities and employment abilities, the permanency of the injury, Kevin's present and future pain and suffering, and his need for future medical treatment was not disclosed by the plaintiffs in written interrogatories or supplemental answers, a violation of Rule 213(g). The defendant claims that the testimony resulted in unfair surprise and prejudice to her.

■ Addressing the defendant's argument requires a two-part analysis: whether the plaintiffs complied with Rule 213(g) and, if not, whether a sanction was required. See *Warrender v. Millsop*, 304 Ill. App. 3d 260 (1999). Discovery rules are mandatory rules for the parties to follow. *Warrender*, 304 Ill. App. 3d at 265. Rule 213(g) requires that, upon written interrogatory, a party must disclose the subject matter, conclusions, opinions, qualifications, and reports of an opinion witness. *Warrender*, 304 Ill. App. 3d at 265. Supreme Court Rule 213(i) (177 Ill. 2d R. 213(i)) provides that a party has a continuing duty to supplement discovery responses. *Warrender*, 304 Ill. App. 3d at 265. However, at the relevant times Rule 213(i) also provided in part:

"If a *deposition* of an opinion witness is taken, the witness'[s] testimony at trial will be limited to the opinion expressed therein, in addition to those opinions identified in answers to Rule 213(g) interrogatories." (Emphasis added.) 177 Ill. 2d R. 213(i).

A court's decision to impose sanctions for a discovery violation is within the sound discretion of the court. *Warrender*, 304 Ill. App. 3d at 268.

■ Here, the plaintiffs' opinion witness, Dr. Naseer, who is also Kevin's treating physician, disclosed in his evidence deposition the subject matter of his opinions, his conclusions, and his qualifications. Dr. Naseer's deposition testimony was not expanded at the trial. The plaintiffs' answers to the defendant's Rule 213(g) interrogatories stated that Kevin's treating physicians were the only opinion witnesses that he intended to call. The defendant learned that Dr. Naseer was a treating physician of Kevin's as early as April 1999. We find that Kevin seasonably supplemented his answer to the defendant's Rule 213(g) written interrogatories through Dr. Naseer's testimony in his evidence deposition and that no violation of Rule 213(g) occurred. The trial court did not abuse its discretion in allowing Dr. Naseer's testimony at the trial.

The defendant next claims that the trial court erred when it granted the plaintiffs' motion for a summary judgment on liability. The defendant argues that the factual allegations asserted in her counterclaim and her affirmative defense raise genuine issues of material fact that should have been left for a determination by a jury. The plaintiffs, in addition to asserting that the summary judgment had been properly entered by the court, claim that because the summary judgment on liability contained Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language, *i.e.*, that there was no just reason for delaying the enforcement or appeal of the order, and because the defendant failed to file a notice of appeal within 30 days of the entry of the summary judgment, the defendant has waived this issue.

■ While the plaintiffs have asserted the waiver rule for the failure to file a notice of appeal, we note that the proper claim should be that this court has no jurisdiction because the notice of appeal was not timely filed pursuant to Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). The timely filing of a notice of appeal from a final judgment is jurisdictional. *Gibson v. Belvidere National Bank & Trust Co.*, 326 Ill. App. 3d 45 (2001). Even when a party does not challenge this court's jurisdiction, this court has an independent duty to consider its jurisdiction before considering the merits of the case. *Gibson*, 326 Ill. App. 3d at 47-48. Because the plaintiffs have asserted the failure of the defendant to file a notice of appeal within 30 days of the summary

judgment, we first consider whether this court has jurisdiction to consider this issue.

■ Section 2—1005 of the Civil Practice Law (735 ILCS 5/2—1005 (West 2000)) governs summary judgments. Subsection (c) states in pertinent part as follows:

"(c) *** A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." 735 ILCS 5/2—1005(c) (West 2000).

From the language of the statute, it is clear that a summary judgment on liability is a partial summary judgment, interlocutory in nature, and not a final judgment. *Lindsey v. Chicago Park District*, 134 Ill. App. 3d 744 (1985). Since the court's grant of the summary judgment on liability was interlocutory, the summary judgment was not appealable without further leave of the appellate court even if the defendant had filed a notice of appeal under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)). While Rule 304(a) makes it possible to appeal from an order that does not resolve an entire proceeding, if an express finding that there is no just reason to delay enforcement or appeal appears in the order, the mere inclusion of this language does not make a nonfinal order final and appealable. *Department of Public Aid ex rel. K.W. v. Lekberg*, 295 Ill. App. 3d 1067 (1998). Thus, because the summary judgment on liability was not final and appealable until the judgment on damages was entered, this court has jurisdiction to consider this issue.

■ A summary judgment can be properly entered only when the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. *Cozza v. Culinary Foods, Inc.*, 311 Ill. App. 3d 615 (2000). "Summary judgment is a drastic remedy to be granted only where the movant's right to it is clear and free from doubt." *Cozza*, 311 Ill. App. 3d at 619. In reviewing a court's grant of a summary judgment, this court must construe the pleadings, admissions, depositions, and affidavits strictly against the movant and liberally in favor of the opponent of the motion. *Cozza*, 311 Ill. App. 3d at 619. Reasonable inferences drawn from the facts must be resolved in favor of the opponent of the motion. *Cozza*, 311 Ill. App. 3d at 619. The standard of review for the propriety of a summary judgment is *de novo*. *Cozza*, 311 Ill. App. 3d at 619-20.

■ In the case *sub judice*, the defendant asserted conclusions that were unsubstantiated by facts in her counterclaim or in her affirmative defense. She claimed that Christina had failed to keep a proper lookout, had failed to observe due care in approaching an intersection,

and had failed to drive as a prudent person would to avoid a collision when, by the exercise of reasonable care, Christina could have discovered danger. The defendant also argues that there was a genuine issue of material fact on the question of whether Christina could have taken an evasive maneuver to avoid colliding with the defendant.

The defendant is correct that even though Christina was a driver on a preferential road with the right-of-way, such a driver may not proceed into obvious danger. *Johnson v. May*, 223 Ill. App. 3d 477 (1992). However, our review of the documents filed with the motion for a summary judgment, *i.e.*, portions of Christina's, Kevin's, and the defendant's discovery depositions, establishes that Christina could have taken no action to avoid the collision with the defendant. Christina was already driving past the defendant when the defendant drove into the side of Christina's car. Because of weather conditions, Christina was driving slower than the speed limit. There is no evidence provided that Christina could have kept a better lookout. The defendant admitted in her discovery deposition that there was nothing Christina could have done to avoid the accident. When all the evidence is considered in the light most favorable to the defendant, there is no genuine issue of material fact regarding the defendant's liability. Further, no reasonable inferences could be construed in the defendant's favor. The trial court's grant of a partial summary judgment on liability in the plaintiffs' cause of action and on the defendant's counterclaim and affirmative defense was proper.

The defendant's third issue is that the trial court abused its discretion when it denied her motion for a mistrial, following allegedly improper remarks by the plaintiffs' counsel in opening statements. The remarks concerned settlement negotiations. The defendant claims that she was prejudiced by the remarks made by counsel.

■ Ordinarily, remarks regarding settlement negotiations are not admissible. *Sawicki v. Kim*, 112 Ill. App. 3d 641 (1983). Remarks concerning settlement are discouraged because they might be construed as admissions of liability and because public policy favors compromise. *In re Marriage of Passiales*, 144 Ill. App. 3d 629 (1986). Whether remarks in opening statements were prejudicial is a matter of discretion left to the trial court, and a court's ruling will not be overturned on review unless it is an abuse of discretion. *Sawicki*, 112 Ill. App. 3d at 645. However, if an error did not affect the outcome of a trial or if a court can see from the entire record that no injury has been done, a court will not disturb a judgment entered at the trial level. *Niehuss v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 143 Ill. App. 3d 444 (1986).

The specific remarks in the plaintiffs' opening statement to which the defendant takes exception are as follows:

"I want to say first of all we're not here because we want to be. We're here because it's a last resort. All the—all the attempts of resolving—"

At this point, the defendant objected. The trial court sustained the objection, and no further statements were made regarding settlement negotiations. The defendant moved for a mistrial immediately after the court had sustained her objection, but the trial court denied the defendant's motion.

■ We find that there was no abuse of discretion by the trial court. The plaintiffs' statements, while conceivably statements of settlement negotiations, were vague, because facts concerning who offered to settle and for what amount were not before the jury. Further, the trial court immediately sustained the defendant's objections, ostensibly curing the error. Additionally, the jury already knew that the defendant was liable, because the jury had been instructed that the trial was for damages only. Under these circumstances, we cannot determine that the outcome of the trial would have been different, and we can perceive no injury to the defendant. Therefore, if there was error, it was harmless.

■ The defendant's last issue is stated as follows:

"The trial court committed reversible error in failing to enforce its own order granting Defendant's motion *in limine* regarding the financial condition of Plaintiffs, effectively allowing Plaintiffs to give repeated improper and inflammatory testimony concerning their alleged impoverished condition."

The defendant's statement of this issue appears to be that the plaintiffs violated the court's order granting the defendant's motion *in limine* concerning evidence of the plaintiffs' financial condition. However, the defendant's argument does not follow this issue. The defendant argues that the admission of the evidence of the plaintiffs' financial condition was reversible error, not that the introduction of the evidence violated a motion *in limine*. The defendant's citation to authorities coincides with her argument that the evidence was inadmissible. The defendant fails to cite any relevant authority concerning evidence admitted in violation of a motion *in limine*; thus, the defendant has violated Supreme Court Rule 341(e)(7) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001). The failure to cite relevant authority results in a waiver of the issue. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210 (2000).

The defendant has also waived this issue for another reason. The defendant raised this matter in her motion *in limine*; however, from the court's discussion of this issue at the trial, it appears that the trial

court agreed to allow certain testimony of the plaintiffs' financial condition but not all. The record is unclear on what the plaintiffs could and could not testify to concerning their financial condition. Because of the lack of clarity on this issue, it was incumbent for the defendant to object to the evidence of the plaintiffs' financial condition as it was presented at the trial. The defendant did not object to any of the evidence presented during the testimony. Further, the defendant did not raise this issue, either regarding the alleged motion *in limine* violation or regarding the admission of the evidence generally, in her posttrial motion. The failure to object at the trial and to raise the issue in a posttrial motion waives the issue. *Limanowski v. Ashland Oil Co.*, 275 Ill. App. 3d 115 (1995).

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

MAAG and CHAPMAN, JJ., concur.