No. 2--06--1120    Filed: 9-20-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RESURGENCE FINANCIAL, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--AR--2714 |
| | ) | |
| JOAN KELLY, a/k/a Joan Leyhane Kelly, | ) | |
| a/k/a Joan Leyhane, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | Honorable |
| (Byron Kelly, a/k/a William Byron Kelly, | ) | Mary S. Schostok, |
| Defendant). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Joan Kelly (Kelly) appeals the trial court's denial of her motion for attorney fees under section 1(b) of the Credit Card Liability Act (815 ILCS 145/1(b) (West 2004)). That section allows a defendant to recover fees when a judgment is issued in his or her favor. The trial court allowed the plaintiff, Resurgence Financial, LLC, to withdraw its complaint without prejudice, and the parties agree that Resurgence can still refile the action. On appeal, Kelly argues that the initial complaint lacked a factual and legal basis, entitling her to fees under section 1(b). We dismiss the appeal.

BACKGROUND

On December 30, 2005, Resurgence filed a complaint alleging that it was an assignee of MBNA Credit Company and that Kelly owed $23,679 in unpaid charges. On March 22, 2006,

Resurgence filed an amended complaint adding Byron Kelly, Kelly's former husband, as a defendant. The complaint included several attachments indicating that Resurgence had purchased the MBNA account. Also attached was an affidavit from an officer of Resurgence averring that it had purchased the account and that Kelly owed the amount alleged in the complaint.

Kelly moved for summary judgment, arguing that the attachments to the complaint failed to show the existence of an agreement or debt between Kelly and Resurgence. After Resurgence failed to answer a request to admit facts, Kelly filed a motion to deem admitted that Resurgence did not possess the following: an application by Kelly for credit, records of charges made on the account, charge slips showing that Kelly made charges on the account, or a card member agreement between Kelly and MBNA.

On August 30, 2006, the trial court continued the matter until September 20, 2006, to determine the status of Byron Kelly's bankruptcy. On September 20, the trial court granted the motion to deem facts admitted, but denied the motion for summary judgment, stating that an arbitration date of October 26, 2006, would stand.

On September 26, 2006, Resurgence filed a motion to dismiss without prejudice. On October 4, 2006, the trial court granted the motion and Kelly requested fees under section 1(b). The trial court denied the motion for fees, stating that a judgment had not been entered and that it could not award fees based on a possible future result. The court further noted that there was no motion before it for sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137). The court made no factual findings on the merits. Kelly appealed the denial of her motions for summary judgment and for fees. We denied Kelly's motion to stay the appeal pending the October 5, 2007, expiration of Resurgence's refiling period.

ANALYSIS

Kelly asserts that this court has jurisdiction under Supreme Court Rules 301 (155 Ill. 2d R. 301) and 303 (210 Ill. 2d R. 303). Those rules allow an appeal from the entry of a final order. Kelly appears to assume we have jurisdiction because we denied her motion to stay the appeal pending the expiration of the time in which Resurgence can refile the action. We disagree, as Kelly does not appeal a final order.

Section 2--1009(a) of the Code of Civil Procedure allows a plaintiff to voluntarily dismiss the action without prejudice at any time before trial or hearing begins. 735 ILCS 5/2--1009(a) (West 2004). He or she then has a right to refile within one year of the voluntary dismissal. 735 ILCS 5/13--217 (West 2004); see Kahle v. John Deere Co., 104 Ill. 2d 302, 305 (1984).

"An order granting a plaintiff's motion for a voluntary dismissal is 'final and appealable by the defendants.'" Valdovinos v. Luna-Manalac Medical Center, Ltd., 307 Ill. App. 3d 528, 535 (1999), quoting Kahle, 104 Ill. 2d at 307. But, because jurisdiction in the appellate court is generally limited to appeals from final judgments, the power to address a defendant's appeal from a voluntary dismissal "does not form the jurisdictional basis from which we may also address the substantive merits of other nonfinal orders entered by a trial court prior to the granting of a voluntary dismissal." Valdovinos, 307 Ill. App. 3d at 537; see Saddle Signs, Inc. v. Adrian, 272 Ill. App. 3d 132, 135-40 (1995).

"A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." Big Sky Excavating, Inc. v. Illinois Bell Telephone Co., 217 Ill. 2d 221, 233 (2005). "When an order leaves a cause still pending and undecided, it is not a final order." Austin's Rack, Inc. v. Gordon & Glickson, P.C., 145 Ill. App.

3d 500, 502 (1986). Accordingly, the denial of a motion for summary judgment is not final. <u>De Bouse v. Bayer AG</u>, 373 Ill. App. 3d 774, 783 (2007).

It is true that an appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment. <u>Valdovinos</u>, 307 Ill. App. 3d at 538. But such orders must constitute procedural steps in the progression leading to the entry of the final judgment. <u>Valdovinos</u>, 307 Ill. App. 3d at 538. The denial of summary judgment is not a procedural step to an order of voluntary dismissal. <u>Valdovinos</u>, 307 Ill. App. 3d at 538. Thus, the denial here was neither a final judgment nor a procedural step to a final judgment, and it is not appealable.

Kelly also appeals the order denying her motion for fees. However, that order also was not final. The trial court did not finally determine that Kelly was not entitled to fees. Instead, it ruled that, because there had been no final determination of the merits of the complaint, Kelly's motion was premature. See <u>In re Chilean D.</u>, 304 Ill. App. 3d 580, 585 (1999) (voluntary dismissal is not judgment on merits). In effect, having dismissed Resurgence's complaint without prejudice, the court denied Kelly's motion for fees without prejudice. Thus, that order also is not appealable.

In her briefs, Kelly includes arguments that she is entitled to Rule 137 sanctions (155 Ill. 2d R. 137). However, as the trial court noted, she did not move for those sanctions below. Accordingly, no order denying Rule 137 sanctions exists to support this appeal. See <u>Penn v. Gerig</u>, 334 Ill. App. 3d 345, 353 (2002) (Rule 137 issue "was never litigated or ruled upon and a final and appealable order was never entered"); cf. <u>Greengard v. Cooper</u>, 78 Ill. App. 2d 86, 89-90 (1966) (affirming trial court's denial of defendant's motion for sanctions following voluntary nonsuit).

CONCLUSION

As neither order on appeal is final, we dismiss this appeal from the nonfinal orders of the circuit court of Lake County.

Appeal dismissed.

GILLERAN JOHNSON and ZENOFF, JJ., concur.