# Illinois Official Reports

## Appellate Court

---

### *Bauman v. Patterson*, 2018 IL App (4th) 170169

---

| | |
|---|---|
| Appellate Court Caption | ABBY BAUMAN and DAVE ANDERSON, Cotrustees of the Fifth Amended and Restated R. Mack Brown Revocable Trust, Dated October 19, 2016, as Successor in Interest to R. Mack Brown, Deceased, d/b/a Golfview Apartments, Plaintiffs and Counterdefendants-Appellants v. WAYNE PATTERSON and JOAN SCHNEIDER, Defendants (Wayne Patterson, Defendant, Counterplaintiff, and Third-Party Plaintiff-Appellee; Dennis Brooks, Individually, Third-Party Defendant-Appellant).–ABBY BAUMAN and DAVE ANDERSON, Cotrustees of the Fifth Amended and Restated R. Mack Brown Revocable Trust, Dated October 19, 2016, as Successor in Interest to R. Mack Brown, Deceased, d/b/a Golfview Apartments, Plaintiffs and Counterdefendants-Appellants, v. WAYNE PATTERSON and ANY UNKNOWN OCCUPANTS, Defendants (Wayne Patterson, Defendant, Counterplaintiff, and Third-Party Plaintiff-Appellee; Dennis Brooks, Individually, Third-Party Defendant-Appellant). |
| District & No. | Fourth District<br>Docket Nos. 4-17-0169, 4-17-0170, 4-17-0190, 4-17-0191 cons. |
| Filed | April 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, Nos. 10-LM-638, 11-LM-9; the Hon. David Butler, Judge, presiding. |

| Judgment | Appeals dismissed. |
| --- | --- |
| Counsel on<br>Appeal | Brian P. Thielen and Barbara Snow Mirdo, of Thielen, Foley & Mirdo, LLC, of Bloomington, for appellant Dennis Brooks.<br><br>Wayne Patterson, of Normal, appellee *pro se*. |
| Panel | PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justice Steigmann concurred in the judgment and opinion.<br>Justice Turner dissented, with opinion. |

**OPINION**

¶ 1      This litigation began with actions to evict Wayne Patterson from an apartment. Dennis Brooks filed an action as an agent of the landlord, R. Mack Brown, and Brown filed his own action. Thus, two eviction actions against Patterson were filed in the McLean County circuit court.

¶ 2      Patterson in turn filed counterclaims against Brooks and Brown, alleging they converted his belongings while enforcing a judgment for possession of the apartment—a judgment that, after its enforcement, was vacated because of defective service of process. (Brown died after Patterson filed his action, and on appeal, we have allowed cotrustees of Brown's revocable trust, Abby Bauman and Dave Anderson, to be substituted for him.) The final expression of the conversion claim was Patterson's fourth amended counterclaim, which consisted of one count against Brooks and another count against Brown.

¶ 3      Brooks and Brown moved for summary judgment on the fourth amended counterclaim, and Patterson cross-moved for summary judgment. After consolidating the two cases, the circuit court denied the motions by Brooks and Brown, and the court granted the motion by Patterson—but only as to liability, reserving the issue of damages for a trial. Thus, it was "deemed established" that Brooks and Brown had converted Patterson's chattels, but the amount of damages resulting from the conversion was to be determined in a trial. 735 ILCS 5/2-1005(d) (West 2016).

¶ 4      After entering the partial summary judgment in Patterson's favor, the circuit court granted a motion by him to voluntarily dismiss, without prejudice, his fourth amended counterclaim. See *id.* § 2-1009. Consequently, the trial on damages never occurred.

¶ 5      Brooks and Brown (through his personal representatives, Bauman and Anderson) appeal in the two cases, thereby generating four appeals, which we have consolidated. We dismiss all four appeals for lack of subject-matter jurisdiction because (1) a voluntary dismissal renders appealable only prior orders that are final in nature and (2) none of the rulings on the

cross-motions for summary judgment were final in nature.

¶ 6                                    I. BACKGROUND
¶ 7                          A. McLean County Case No. 10-LM-638
¶ 8        In September 2010, in McLean County case No. 10-LM-638, Dennis Brooks, as the agent of R. Mack Brown, the owner of Golfview Apartments, filed a civil complaint against Wayne Patterson and Joan Schneider. (Brooks was represented by counsel.) The complaint was pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 to 9-321 (West 2010)), and it sought (1) possession of an apartment leased to Patterson and (2) overdue rent.

¶ 9        Patterson filed an answer, affirmative defenses, and a counterclaim. The counterclaim, which alleged conversion, was against Brown and also against Brooks, "individually and as [the] agent for" Brown. In substance, it was a counterclaim against Brown combined with a third-party complaint against Brooks in his individual capacity.

¶ 10       Brooks voluntarily dismissed his complaint, but Patterson's counterclaim remained pending.

¶ 11       R. Mack Brown died on February 8, 2017. On June 15, 2017, we granted a motion to substitute Brown with Abby Bauman and Dave Anderson in their capacities as cotrustees of the Fifth Amended and Restated R. Mack Brown Revocable Trust, Dated October 19, 2016. The caption in these consolidated appeals originally listed the trust as a party, but because a trust is a fiduciary relationship rather than a legal person (see *National City Bank of Michigan/Illinois v. Northern Illinois University*, 353 Ill. App. 3d 282, 288 (2004); *Dennet v. Kuenzli*, 936 P.2d 219, 228 (Idaho Ct. App. 1997)) and because a relationship cannot be a party to an appeal, the cotrustees, Bauman and Anderson, are now listed as parties in lieu of the trust. We also have changed the caption to reflect that Brooks is sued only in his individual capacity since we have ordered that Bauman and Anderson, rather than Brooks, will serve as Brown's personal representatives. So, Bauman and Anderson are sued in their representative capacities, and Brooks is sued in his individual capacity.

¶ 12                         B. McLean County Case No. 11-LM-9
¶ 13       In McLean County case No. 11-LM-9, Brown, the landlord, filed an eviction action against Patterson and unknown occupants. This case was substantially identical to McLean County case No. 10-LM-638 except that Brown, rather than Brooks, was the plaintiff. The complaint was pursuant to the Forcible Entry and Detainer Act, and Brown sought possession of the same apartment.

¶ 14       Again, Patterson filed an answer, affirmative defenses, and a counterclaim against Brown and Brooks for conversion. As in the other case, the conversion was allegedly of Patterson's personal property that remained in the apartment when Brown took possession of the apartment pursuant to a judgment.

¶ 15       In August 2011, the trial court resolved Brown's complaint against Patterson by granting Brown possession of the apartment, but Patterson's counterclaim remained pending.

¶ 16                    C. Proceedings in the Consolidated Cases

¶ 17        In May 2011, the circuit court consolidated the two cases.

¶ 18        Patterson filed a fourth amended counterclaim against Brown and Brooks. It consisted of two counts, both of which alleged conversion. Count I was against Brown, and count II was against Brooks.

¶ 19        After discovery, Brown and Brooks each moved for summary judgment on the counts against them, and Patterson cross-moved for summary judgment on those counts. On August 12, 2015, the circuit court denied the motions by Brown and Brooks but, on the issue of liability alone, granted Patterson's motion, leaving the issue of damages to be determined in a trial. On January 6, 2016, the court denied motions by Brown and Brooks to reconsider or, more precisely, vacate the summary judgment rulings.

¶ 20        On January 17, 2017, pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2016)), the circuit court granted a motion by Patterson to voluntarily dismiss, without prejudice, his fourth amended counterclaim. Consequently, a trial on damages never occurred. No claims remained pending after the voluntary dismissal. These appeals followed.

¶ 21        In case No. 4-17-0169, Brooks appeals (1) the denial of his motion for summary judgment on the fourth amended counterclaim and the partial granting of Patterson's cross-motion for summary judgment (the order of August 12, 2015), (2) the denial of Brooks's motion to reconsider the rulings on the cross-motions for summary judgment (the order of January 6, 2016), and (3) the granting of Patterson's motion to voluntarily dismiss his fourth amended counterclaim (the order of January 17, 2017).

¶ 22        In case No. 4-17-0170, Brooks appeals the same three orders. It is a duplicate notice of appeal because the circuit court entered the orders in the two consolidated cases.

¶ 23        In case No. 4-17-0190, Bauman and Anderson appeal (1) the order denying their motion for summary judgment on the fourth amended counterclaim and partially granting Patterson's cross-motion for a summary judgment (the order of August 12, 2015) and (2) the order denying Bauman's and Anderson's motion to reconsider the rulings on the cross-motions for summary judgment (the order of January 6, 2016).

¶ 24        In case No. 4-17-0191, Bauman and Anderson appeal the same two orders, which the trial court entered in the two consolidated cases.

¶ 25                              II. ANALYSIS

¶ 26        Patterson does not dispute our jurisdiction over these appeals. Even so, we have an independent duty to make sure we have jurisdiction and to dismiss the appeals if we lack jurisdiction. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984).

¶ 27        Patterson voluntarily dismissed his fourth amended counterclaim, and in their statements of jurisdiction, Brooks, Bauman, and Anderson argue that the voluntary dismissal of a lawsuit renders immediately appealable all prior orders that were not otherwise appealable at the time they were entered. In support of that argument, they cite *Hudson v. City of Chicago*, 228 Ill. 2d 462, 468 (2008), and *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503-04 (1997).

¶ 28        Both of those cases are distinguishable because the prior orders in those cases were final in nature whereas the prior orders in the present cases were not final in nature.

¶ 29    We first examine *Hudson*. In that case, the plaintiffs brought a tort action against the City of Chicago and some of its employees in the fire department. *Hudson*, 228 Ill. 2d at 464. The complaint consisted of two counts: count I, which alleged negligence, and count II, which alleged willful and wanton misconduct. *Id.* The circuit court granted the defendants' motion to dismiss count I with prejudice, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2000)), on the ground that the city and its employees had immunity under section 3.150 of the Emergency Medical Services (EMS) Systems Act (210 ILCS 50/3.150 (West 2000)). *Hudson*, 228 Ill. 2d at 464-65. Then, pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2000)), the plaintiffs voluntarily dismissed the remaining count, count II. Later, the plaintiffs refiled their action, pleading only one count, the same count of willful and wanton misconduct. *Hudson*, 228 Ill. 2d at 465. The circuit court granted a motion by the defendants to dismiss the refiled action as barred by *res judicata*. *Id.* The supreme court agreed with that ruling. The voluntary dismissal had "terminated [the litigation] in its entirety[,] and all *final* orders [had] bec[o]me immediately appealable." (Emphasis added.) *Id.* at 468. The dismissal of count I, the negligence count, was a final order, and because the plaintiffs voluntarily dismissed count II, thereby ending the case, the rule against claim-splitting now prevented them from subverting that finality by refiling count II, which, with its allegations of willful and wanton misconduct, arose out of the same set of operative facts as the negligence count and could have been litigated at the same time as the negligence count. *Id.* at 473-74.

¶ 30    The other case, *Dubina*, likewise turned on the finality of the orders entered before the voluntary dismissal. The final orders in *Dubina* were the dismissal, with prejudice, of contribution claims between settling defendants. *Dubina*, 178 Ill. 2d at 503. Absent a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 1, 1994), the dismissal of the contribution claims, though final, was not immediately appealable. *Dubina*, 178 Ill. 2d at 503. Later, however, when the plaintiffs voluntarily dismissed their action, the dismissal of the contribution claims became appealable. "The order of voluntary dismissal, because it disposed of all matters pending before the circuit court, rendered all orders which were *final in nature*, but which were not previously appealable, immediately final and appealable." (Emphasis added.) *Id.*

¶ 31    Taking our lead from *Hudson* and *Dubina*, we must determine whether the orders appealed in the present cases were "final in nature." *Id.*; see also *Hudson*, 228 Ill. 2d at 468. Brooks, Bauman, and Anderson appeal (1) the denial of their motions for summary judgment on Patterson's fourth amended counterclaim and (2) the partial granting of Patterson's cross-motion for summary judgment. (Brooks also appeals the granting of Patterson's motion for a voluntary dismissal, but he makes no argument on that issue.) We begin with the denial of the motions by Brooks and Brown for summary judgment. (We will treat Bauman and Anderson as interchangeable with Brown.) Unlike dismissals with prejudice (*Hudson*, 228 Ill. 2d at 473; *Dubina*, 178 Ill. 2d at 503), "[t]he denial of a summary judgment motion is not a final order ***. [Citation.] An exception exists where the parties have filed cross-motions for summary judgment and the circuit court has granted one, *disposing of all the issues in the case*." (Emphasis added.) *Fogt v. 1-800-Pack-Rat, LLC*, 2017 IL App (1st) 150383, ¶ 95. When denying the motions by Brooks and Brown for summary judgment in their favor, the circuit court granted Patterson's cross-motion for summary judgment—but the court granted it only partly, as to the issue of liability. By granting Patterson's motion only as to liability, the

court did not "dispos[e] of all the issues in the case." *Id.* The issue of damages remained unresolved by the partial summary judgment. That issue was left to potential future litigation, which would be "an entirely new and separate action" (*Dubina*, 178 Ill. 2d at 504). Therefore, contrary to the exception described in *Fogt*, the denial of the motions by Brooks and Brown for summary judgment in their favor was not a final order. See *Fogt*, 2017 IL App (1st) 150383, ¶ 95. Although the denial of a motion for summary judgment is regarded as final under an exception for totally dispositive rulings on cross-motions for summary judgment, that exception has no applicability here.

¶ 32    Brooks, Bauman, and Anderson invoke another exception, which the appellate court created in *DePluzer v. Village of Winnetka*, 265 Ill. App. 3d 1061 (1994). In that case, the complaint had two counts, and as to count I, the circuit court granted the defendant's motion for summary judgment, but as to count II, the court denied the defendant's motion. *Id.* at 1062. The court then granted a motion by the plaintiff to voluntarily dismiss count II. *Id.* The plaintiff appealed the summary judgment on count I, and the defendant cross-appealed the denial of summary judgment on count II. *Id.* The plaintiff moved that the appellate court dismiss the defendant's appeal for lack of subject-matter jurisdiction, arguing that the denial of a summary judgment was not a final order. *Id.* at 1064. While agreeing that typically this was true, the First District held that the plaintiff's voluntary dismissal of count II made the preceding denial of the defendant's motion for a summary judgment on that count final and appealable. *Id.* at 1064-65. The First District reasoned as follows:

> "Although [the plaintiff] is correct that the denial of a motion for summary judgment is typically not appealable, the propriety of the denial may be considered if the case is properly before a reviewing court from a final judgment and no trial or hearing has been conducted. [Citation.] In this case the order is final and appealable because, in addition to denying summary judgment, the trial court granted [the plaintiff's] motion to voluntarily dismiss this count, making the order final and appealable.

> Our Illinois Supreme Court has determined that it is important that a defendant have the ability to appeal from an order of voluntary dismissal since, otherwise, such an order would never be subject to review. [Citations.] Consequently, the order granting [the plaintiff] a voluntary dismissal as to count II of his complaint is a final and appealable order, which brings before the reviewing court all other orders and rulings directly associated with that judgment, including, in this case, the denial of summary judgment. This court, therefore, has jurisdiction to consider the appeals." *Id.*

¶ 33    For two reasons, we are unconvinced by the quoted reasoning. First, the First District states: "[T]he propriety of the denial [of a motion for summary judgment] may be considered if the case is properly before a reviewing court from *a final judgment* and no trial or hearing has been conducted." (Emphasis added.) However, there was no final judgment in *DePluzer*. The supreme court has explained:

> "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005).

By granting the motion for a voluntary dismissal without prejudice, a court does not determine the litigation on the merits. If statutory law allowed the plaintiff in *DePluzer* to refile count II within one year after voluntarily dismissing it (see 735 ILCS 5/13-217 (West 1994)), then, necessarily, the voluntarily dismissal left the issues in count II unresolved and the merits of that count undetermined.

¶ 34    Second, although the decision to grant the plaintiff's motion for a voluntary dismissal of count II was appealable by the defendant (see *Dillie v. Bisby*, 106 Ill. 2d 487, 491 (1985)), it did not follow that every order preceding the voluntary dismissal was appealable. Several years after *DePluzer*, the appellate court dispelled such a misconception:

> "An order granting a plaintiff's motion for a voluntary dismissal is final and appealable by the defendants. [Citation.] But, because jurisdiction in the appellate court is generally limited to appeals from final judgments, the power to address a defendant's appeal from a voluntary dismissal does not form the jurisdictional basis from which we may also address the substantive merits of other nonfinal orders entered by a trial court prior to the granting of a voluntary dismissal. [Citations.]
>
> A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution. [Citation.] When an order leaves a cause still pending and undecided, it is not a final order. [Citation.] Accordingly, the denial of a motion for summary judgment is not final. [Citation.]
>
> It is true that an appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment. [Citation.] But such orders must constitute procedural steps in the progression leading to the entry of the final judgment. [Citation.] The denial of summary judgment is not a procedural step to an order of voluntary dismissal. [Citation.] Thus, the denial here was neither a final judgment nor a procedural step to a final judgment, and it is not appealable." (Internal quotation marks omitted.) *Resurgence Financial, LLC v. Kelly*, 376 Ill. App. 3d 60, 62 (2007).

While we disagree with the implicit statement of law, in the third paragraph of the quotation from *Resurgence Financial*, that an order granting a motion for a voluntary dismissal is a "final judgment" (it is not, because it is not a determination on the merits (see *Big Sky*, 217 Ill. 2d at 232-33)), we otherwise agree with *Resurgence Financial*, and we disagree with *DePluzer*. We agree with *Resurgence Financial* that a voluntary dismissal that disposes of all remaining claims in the case makes appealable only those orders preceding the voluntary dismissal that were "final in nature." *Dubina*, 178 Ill. 2d at 503; see also *Jackson v. Victory Memorial Hospital*, 387 Ill. App. 3d 342, 352 (2008) ("While it is well settled that upon entry of a voluntary dismissal all final orders become appealable (see *Hudson*, 228 Ill. 2d at 468; *Dubina*, 178 Ill. 2d at 503), [the defendant] does not cite, nor have we found, any case holding that an order granting a voluntary dismissal renders final an otherwise nonfinal order.").

¶ 35    Such preceding orders, made appealable by the voluntary dismissal, necessarily were interlocutory when they were entered—otherwise, nothing would have remained for the plaintiff to voluntarily dismiss. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 368 Ill. App. 3d 734, 742 (2006) ("An interlocutory order is one that does not dispose of all of the controversy between the parties."). But in addition to being interlocutory, these orders had to be final when they were entered. *Dubina*, 178 Ill. 2d at 503. It is possible for an order to be both interlocutory and final. "A judgment is final for appeal purposes if it determines the

- 7 -

litigation on the merits *or some definite part thereof*" (that is, the judgment is interlocutory) "so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." (Emphasis added.) *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). To be made appealable by a voluntary dismissal, the preceding order had to be final in nature, such that it would have been eligible for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). See *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 25 ("While Rule 304(a) permits appeals from orders which do not dispose of an entire proceeding, the mere inclusion of Rule 304(a) language cannot make a nonfinal order final and appealable."). Thus, to use some contrasting examples, a voluntary dismissal does not make appealable the preceding denial of the defendant's motion to dismiss the plaintiff's complaint (*Saddle Signs, Inc. v. Adrian*, 272 Ill. App. 3d 132, 140 (1995)), but it makes appealable the dismissal of a count with prejudice (*Reagan v. Baird*, 140 Ill. App. 3d 58, 61-62 (1985); *Saddle Signs*, 272 Ill. App. 3d at 139). The difference is that the denial of a motion for dismissal is not final in nature (*Saddle Signs*, 272 Ill. App. 3d at 135) whereas the dismissal of a count with prejudice is final in nature (*Dubina*, 178 Ill. 2d at 502 ("A dismissal with prejudice is usually considered a final judgment, including the dismissal of claims in a complaint ***.")).

¶ 36   We find that *Resurgence Financial* is correct in identifying finality as the criterion of appealability with regard to any previously entered interlocutory orders when all remaining claims are voluntarily dismissed without prejudice. This is the criterion the supreme court laid down and by which we are bound: "The order of voluntary dismissal, because it disposed of all matters pending before the circuit court, rendered all orders *which were final in nature*, but which were not previously appealable, immediately final and appealable." (Emphasis added.) *Dubina* 178 Ill. 2d at 503; see also *Hudson*, 228 Ill. 2d at 468. *Resurgence Financial* correctly concluded that because the denial of a motion for summary judgment lacked finality, a subsequent termination of the case by a voluntary dismissal did not make the denial appealable. See *Resurgence Financial*, 376 Ill. App. 3d at 62.

¶ 37   That is the germane conclusion in *Resurgence Financial*, and it is irrelevant whether an order preceding the voluntary dismissal was a "procedural step" to the voluntary dismissal. The only relevant consideration is the finality of the preceding order. *Dubina*, 178 Ill. 2d at 503. We observe here that the procedural-step analysis applies to a wholly different question: the construction of a notice of appeal when the appeal is from a final judgment. "[T]he appeal from a subsequent final judgment draws in question all prior non-final orders and rulings which produced the judgment." (Internal quotation marks omitted.) *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). In other words, a notice of appeal from a final judgment should be liberally construed (*In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 39) to include "prior orders that [were] a step in the procedural progression leading to the judgment specified in the notice of appeal" (internal quotation marks omitted) (*id.* ¶ 41). This legal construct is not germane to the issue of the appealability of an interlocutory order that preceded the plaintiff's voluntary dismissal, without prejudice, of all remaining claims. The construction or scope of a notice of appeal is not at issue in this case. The only jurisdictionally relevant issue is the finality of orders preceding the voluntary dismissal. Because the denial of the summary judgment motions by Brooks and Brown was nonfinal in nature, Patterson's voluntary dismissal of his fourth amended counterclaim did not make the denial appealable. See *Resurgence Financial*, 376 Ill. App. 3d at 62.

¶ 38     We next consider the partial summary judgment in Patterson's favor on the issue of liability for conversion and whether it became final and appealable by virtue of Patterson's voluntary dismissal of his lawsuit. Brooks relies on *Home Savings & Loan Ass'n of Joliet v. Samuel T. Isaacs & Associates, Inc.*, 99 Ill. App. 3d 795 (1981), for the following proposition: "An order that grants partial summary judgment on liability, but does not address damages, is an order that resolves a definite and separate part of the controversy, and therefore is final for purposes of appeal." Bauman and Anderson rely on *Home Savings* for the same proposition.

¶ 39     Granted, the appellate court held in *Home Savings*: "Insofar as the partial summary judgment determined the issue of liability, a 'definite and separate part' of the instant lawsuit, it is appealable." *Home Savings*, 99 Ill. App. 3d at 806 (quoting *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 48 (1958)). Actually, though, the circuit court in *Home Savings* did more than determine the issue of liability; it also awarded remedies, thereby " 'dispos[ing] of the rights of the parties *** upon some definite and separate part' " of the controversy. *Id.* (quoting *Szczesny*, 13 Ill. 2d at 48). In granting the partial summary judgment, the court imposed constructive and resulting trusts, reformed loan instruments, and ordered the assignment of all rights and title the defendants had in the loan instruments. *Id.* at 797. For that reason, *Home Savings* is distinguishable.

¶ 40     Moreover, since deciding *Home Savings*, the appellate court has repeatedly rejected the argument that a partial summary judgment on the issue of liability alone is a final and appealable order. *Morgan v. Richardson*, 343 Ill. App. 3d 733, 739 (2003); *Lindsey v. Chicago Park District*, 134 Ill. App. 3d 744, 747 (1985); *Harold Butler Enterprises No. 662, Inc. v. Underwriters at Lloyds, London*, 100 Ill. App. 3d 681, 686 (1981).

> "[B]ecause jurisdiction in the appellate court is generally limited to appeals from final judgments, the power to address a defendant's appeal from a voluntary dismissal does not form the jurisdictional basis from which we may also address the substantive merits of other nonfinal orders entered by a trial court prior to the granting of a voluntary dismissal." (Internal quotation marks omitted.) *Resurgence Financial*, 376 Ill. App. 3d at 62.

A partial summary judgment on the issue of liability is one such nonfinal order, which a subsequent voluntary dismissal of the lawsuit, without prejudice, does not make final.

¶ 41     It follows that we have subject-matter jurisdiction solely over Brooks's appeal of the circuit court's order of January 17, 2017, which granted Patterson's motion to voluntarily dismiss his fourth amended counterclaim. We dismiss the remaining portions of Brooks's appeal, and we dismiss the appeals of Bauman and Anderson, for lack of subject-matter jurisdiction. Because Brooks fails to explain how the circuit erred by granting Patterson's motion for a voluntary dismissal, he has forfeited the sole issue we have jurisdiction to consider. See *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010). He appears to have abandoned that issue.

¶ 42                                    III. CONCLUSION

¶ 43     For the foregoing reasons, we dismiss the appeals for lack of subject-matter jurisdiction.

¶ 44     Appeals dismissed.

- 9 -

¶ 45     JUSTICE TURNER, dissenting:

¶ 46     I respectfully dissent. For the reasons set forth below, I find this court has jurisdiction to address the denial of the appellants' motion for summary judgment.

¶ 47     I agree the denial of a summary judgment motion is ordinarily not appealable because it is an interlocutory order. See *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 119. However, in *Clark*, 2011 IL 108656, ¶ 119, our supreme court acknowledged some exceptions to the aforementioned rule, which permit a reviewing court to entertain an interlocutory order denying a motion for summary judgment. The supreme court first noted it had previously recognized an exception "when the parties have filed cross-motions for summary judgment and one party's motion is granted and the other party's denied." *Clark*, 2011 IL 108656, ¶ 119 (citing *In re Estate of Funk*, 221 Ill. 2d 30, 85 (2006)). That exception exists because the order on the cross-motions disposes of all the issues in the case. *Clark*, 2011 IL 108656, ¶ 119 (citing *Funk*, 221 Ill. 2d at 85). Citing *DePluzer* and *La Salle National Bank v. Malik*, 302 Ill. App. 3d 236, 247 (1999), the supreme court next noted "[o]ur appellate court has similarly concluded that the propriety of the denial may be considered if the case is properly before a reviewing court from a final judgment and no trial or hearing has been conducted." *Clark*, 2011 IL 108656, ¶ 119. The *Clark* case involved several interlocutory orders, including a denial of a summary judgment motion, and culminated with the court dismissing the complaint with prejudice. *Clark*, 2011 IL 108656, ¶¶ 15, 18. Our supreme court reviewed the denial of summary judgment because the circuit court's order disposed of all issues in the case, the defendants had properly preserved the issue at each stage of the litigation, and it was in the interest of judicial economy. *Clark*, 2011 IL 108656, ¶ 120.

¶ 48     The *DePluzer* case involved an appeal from the denial of a summary judgment that was followed by the circuit court granting the plaintiff's motion to voluntarily dismiss the same claim at issue in the summary judgment. *DePluzer*, 265 Ill. App. 3d at 1062. The final judgment in *DePluzer* was the voluntary dismissal order. See *DePluzer*, 265 Ill. App. 3d at 1065 (citing *Swisher v. Duffy*, 117 Ill. 2d 376, 379 (1987); *Dillie*, 106 Ill. 2d at 491; *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 307 (1984)). The supreme court cases cited by the *DePluzer* court for that proposition have not been overturned. In *La Salle National Bank*, 302 Ill. App. 3d at 246-47, the appellate court addressed the defendants' cross-appeal from the denial of a summary judgment on other grounds after it reversed the circuit court's orders barring the plaintiffs' experts from testifying and granting summary judgment in the defendants' favor. Thus, the supreme court has recognized different situations in which a denial of a summary judgment motion can be appealed.

¶ 49     *Clark*, *DePluzer*, and *La Salle National Bank* all involved reviewing denials of motions for summary judgment that, after review, could still result in an interlocutory order. In *La Salle National Bank*, 302 Ill. App. 3d at 248, the reviewing court affirmed the denial of the summary judgment motion on cross-appeal and remanded for further proceedings. Thus, the reviewing court's affirmation of the denial of summary judgment resulted in further proceedings on the claim. Likewise, in *Clark*, the supreme court affirmed the judgment of the appellate court that reversed the circuit court's dismissal of plaintiffs' claims for negligent infliction of emotional distress, affirmed the denial of the summary judgment motion, and remanded for further proceedings. *Clark*, 2011 IL 108656, ¶ 125. In *DePluzer*, 265 Ill. App. 3d at 1069, the reviewing court reversed the circuit court's order denying the defendant's motion for summary judgment and granting the plaintiff's motion for voluntary dismissal and remanded the case to

the circuit court to enter summary judgment in the defendant's favor on the count at issue. Thus, in that case, the review of the interlocutory denial of summary judgment and subsequent reversal led to a final judgment on the claim. *DePluzer* demonstrates why it is important for this court to have jurisdiction of the denial of the motion for summary judgment when a voluntary motion to dismiss is entered on the same claim. Accordingly, I disagree with the majority's focus on finality.

¶ 50　　Moreover, I disagree with the analysis in *Resurgence Financial*, which stems from *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528 (1999). See *Resurgence Financial*, 376 Ill. App. 3d at 62. In support of its finding jurisdiction of an interlocutory order only arises if the interlocutory order was a procedural step in granting the motion for voluntary dismissal, the *Valdovinos* decision cites *Burtell*, 76 Ill. 2d at 433, and *Hough v. Kalousek*, 279 Ill. App. 3d 855, 863-64 (1996). *Valdovinos*, 307 Ill. App. 3d at 538. Both of those cases addressed the sufficiency of the notice of appeal as to orders not specified in the notice of appeal. See *Burtell*, 76 Ill. 2d at 432; *Hough*, 279 Ill. App. 3d at 863. The issue of what interlocutory orders may be addressed on appeal from a voluntary dismissal is a very different issue then whether a notice of appeal was sufficient to review an unspecified order. Any time before a trial or hearing has begun, the plaintiff may voluntarily dismiss without prejudice his or her cause of action for any reason. See 735 ILCS 5/2-1009(a) (West 2016). The reason is personal to the plaintiff and does not even have to relate to the case. Thus, the "procedural step" analysis makes little sense with a voluntary dismissal. The majority attempts to suggest *Resurgence Financial* stands for the proposition only final orders can be addressed in an appeal from a voluntary dismissal, but if that is the case, then there was no need for the "procedural step" language. Regardless, while the "procedural step" analysis is unworkable, *Resurgence Financial* does recognize an interlocutory order may be appealable from the grant of a voluntary dismissal.

¶ 51　　I recognize *Dubina* was the last supreme court case to address what other orders are appealable from the granting of a voluntary dismissal. However, the only issue before the supreme court was the appealability of a final order. See *Dubina*, 178 Ill. 2d at 503 (noting the dismissal orders the appellant sought to appeal were final where the court had dismissed the claims with prejudice). The supreme court has yet to specifically address the appealability of interlocutory orders from a voluntary dismissal, but the *Dubina* decision indicates appellate review is not limited to just the granting of the voluntary dismissal.

¶ 52　　Last, I note that, of the cases that have dealt with the issue, the language of *DePluzer* that the voluntary dismissal "brings before the reviewing court all other orders and rulings directly associated with that judgment" best addresses the appealability of a denial of a summary judgment motion on a defendant's appeal from the granting of a voluntary dismissal. *DePluzer*, 265 Ill. App. 3d at 1065. It prevents a defendant from appealing an interlocutory order related to a claim that is not part of the voluntary dismissal order but allows a defendant to appeal a potentially *dispositive* interlocutory order on the claim that was voluntarily dismissed, as shown in *DePluzer*. I emphasize dispositive because appellate court review of an evidentiary ruling or a section 2-615 motion to dismiss from an appeal of the granting of a voluntary dismissal would have no impact on any future litigation. However, a denial of a dispositive motion, such as one for summary judgment, if overturned, would bar future litigation on the same claim.

¶ 53    Accordingly, I would find we have jurisdiction of the denial of the appellants' motion for summary judgment under the exception announced in *DePluzer* and cited by the supreme court in *Clark*.